1  John J. Kralik No. 91206
   Michael B. Wilson, No. 233633
2  **KRALIK & JACOBS**
   650 North Sierra Madre Villa Avenue, Suite 302
3  Pasadena, California 91107
   Telephone: (626) 351-4800
4  Facsimile: (626) 351-4808

5  Attorneys for Defendant INDYMAC BANK, F.S.B.,
   and MICHAEL PERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ-MARIA URZUA, CESAR ANCHANTE-MARTINETTI<br>　　Libellant,<br>v.<br>INDYMAC BANK, MIKE PERRY, PRESIDENT, US Vessel, DOES, ROES and MOES 1-100 et al, US Vessel sand,<br>　　Libellees,<br><br>Luz-Maria:Urzua, Cesar: Anchante-Martinetti Lien Holder of the Vessel, the Real Party In Interest, Lawful Woman, Man Injured Third Party Intervener/Petitioner/Libellant,<br>v.<br>INDYMAC BANK, MIKE PERRY, PRESIDENT, U.S. Vessel DOES, ROES, and MOES 1-100 et al US VESSELS INDIVIDUALLY AND SEVERALLY Third Party Defendants/Libellees | Case No.: 07-CV-05932-JSW<br><br>CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: April 4, 2008<br><br>Time: 9:00 a.m.<br><br>Crtrm.: 2, 17th Floor<br><br>THE HON. JEFFREY S. WHITE |

-1-

CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the Standing Order for all Judges of the Northern District of California, Defendants IndyMac Bank, F.S.B. and Michael Perry (collectively "IndyMac" or "Defendants") hereby submit this Case Management Statement.[1]

As the Court is aware, Defendants have moved to dismiss Plaintiff's Complaint, and that motion is scheduled to be heard on April 4, 2008, the same day as the Case Management Conference. Because IndyMac has not yet answered the Complaint, it has not fully considered some of the issues discussed below. However, IndyMac has provided as much information as it has at this time and would be happy to provide further information to the Court at a later conference if the Court denies its motion to dismiss.

I.   JURISDICTION AND SERVICE

IndyMac has filed a motion to dismiss Plaintiffs' Complaint. One of the grounds asserted for dismissal in that motion is that Plaintiffs' invocation of admiralty jurisdiction is invalid. IndyMac further contends that there is no jurisdiction in this court because, as far as can be ascertained, this matter does not involve a question of federal law and is apparently based upon a contract executed in California by two California parties.

II.   FACTS

A. <u>Plaintiffs' Claims</u>: Because the Complaint is so obtusely worded, IndyMac is unclear what claims are exactly being made. From what IndyMac has been able to discern, Plaintiffs allege that, after having submitted various documents and notices to IndyMac and receiving no response, IndyMac has now somehow agreed to discharge Plaintiffs' mortgage debt and has also waived its right to contest this lawsuit. Plaintiffs now appear to seek a declaratory judgment based upon an "administrative remedy".

---

[1] Because Plaintiff is in pro per, Defendants submit this Case Management Statement separately pursuant to Judge White's Civil Standing Orders, No. 5 and Local Rule 16-9(a).

B. <u>Defendants' Defenses:</u> Because of the pending Motion to Dismiss, IndyMac has not yet answered. Accordingly, there are no defenses on file at this time, and IndyMac reserves the right to assert affirmative defenses in the event that one or both Defendants are required to answer the Complaint. However, in general and despite the fact that most of these facts are nowhere alleged in the Complaint, the most important facts of which Defendants are aware at this time are:

1. On or about August 2006, Plaintiffs Luz-Maria Urzua and Cesar Anchante-Martinetti ("Plaintiffs") applied for and received a mortgage loan of $580,000 secured by the real property located at 3801 Lake Road, Merced, CA 95340.

2. Without having made any payments on their mortgage and almost immediately after receiving the money from the mortgage loan, Plaintiffs began sending documents to IndyMac complaining about various aspects of the servicing of their loan and invoking various federal statutes such as the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Gramm Leach Bliley Act ("GLBA").

3. IndyMac responded to Plaintiffs' letters as is required under federal law, including providing Plaintiffs with copies of various documents evidencing their outstanding mortgage debt. IndyMac further notified Plaintiffs that their correspondence closely resembled various fraudulent schemes which had already been tried by various other borrowers to no avail.

4. Despite IndyMac's advice, Plaintiffs persist in pursuing their "administrative remedy" and claim that IndyMac has somehow not only agreed to erase their mortgage debt but also to not contest the instant lawsuit.

III.   LEGAL ISSUES

At this point, due to the confusing allegations of the Complaint, IndyMac is unable to determine what legal issues, if any, are presented.

IV.   MOTIONS

   A. Preliminary Statement

IndyMac feels that it cannot have a meaningful discussion on this topic until it knows which Defendants – if any – will be required to answer the Complaint and until it fully considers the appropriate defenses.

   B. Motions

If IndyMac is required to answer and defend against the Complaint, IndyMac believes it can demonstrate in a summary judgment motion that it has fully complied with all governing laws requiring any disclosure to Plaintiffs. On that basis, IndyMac believes it can obtain summary judgment in its favor.

V.   AMENDMENT OF PLEADINGS

If its motion for dismissal is not granted, IndyMac intends to move for a more definite statement so that it may know what actions are being alleged and so that it may properly prepare its defenses.

VI.   EVIDENCE PRESERVATION

Although it is not sure what exactly is being alleged, IndyMac has taken steps to preserve all documents it has regarding the mortgage loan taken out by Luz-Maria Urzua and Cesar Anchante-Martinetti.

VII.   DISCLOSURES

   A.   By Plaintiff:

As of the date of this Statement, IndyMac has not received the Fed. R. Civ. P. 26 disclosures from Plaintiffs and IndyMac has not served its Fed. R. Civ. P. 26 disclosures.

   B.   By Defendants:

Should this matter continue, Defendants intend to take both Ms. Urzua and Mr. Martinetti's depositions, and serve document requests, interrogatories and request for

-4-

CASE MANAGEMENT CONFERENCE STATEMENT

admissions upon both parties. At this time, IndyMac has not considered what other discovery it may need but it does not anticipate a significant number of depositions or requests.

VIII.     DISCOVERY

As of the date of this Statement, no discovery has been taken.

IX.     CLASS ACTIONS

IndyMac is unaware of any plans to request certification of a class.

X.     RELATED CASES

On January 15, 2008, Judge Joseph C. Spero determined these cases, all pending the the United States District Court for the Northern District of California, to be related:

- C 07-05903      Urzua v. Countrywide Bank, et al.
- C 07-05906      Urzua v. America's Servicing Company, et al.
- C-07-05931      Urzua v. World Saving, et al.
- C-07-05932      Urzua, et al. v. IndyMac Bank, et al.
- C-07-06349      Urzua, et al. v. Countrywide Home Loans, et al.

XI.     RELIEF

Not applicable.

XII.     SETTLEMENT AND ADR

IndyMac does not see the value of settlement discussions so long as Plaintiffs continue operating under the mistaken assumption that their "administrative remedy" somehow erases their mortgage debt. Indeed, not only do Plaintiffs owe to IndyMac a significant amount of money, they have cost IndyMac incalculable damages, including financial cost and losses in employee time.

XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

IndyMac consents to a magistrate judge to conduct all further proceedings including trial and entry of judgment.

CASE MANAGEMENT CONFERENCE STATEMENT

XIV.   OTHER REFERENCES

IndyMac does not believe this case is suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

XV.    NARROWING OF ISSUES

At this moment, IndyMac is unaware of any issues which can be narrowed. Given the nature of Plaintiffs' complaint, it is unlikely that IndyMac will be able to stipulate or agree to any matter alleged.

XVI.   EXPEDITED SCHEDULE

IndyMac believes this matter should be handled on an expedited schedule.

XVII.  SCHEDULING

IndyMac believes its motion to dismiss, scheduled to be heard on April 4, 2008, is a well taken motion and should be granted. IndyMac therefore believes that no further scheduling will be necessary.

XVIII. TRIAL

IndyMac does not believe this matter, as framed in the complaint, warrants a trial.

XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None

Dated: March 11, 2008                          KRALIK & JACOBS

By _____
Michael B. Wilson
Attorneys for Defendants IndyMac Bank
and Michael Perry.

CASE MANAGEMENT CONFERENCE STATEMENT

**Proof of Service**

The undersigned declares:

I am above the age of eighteen years, and not a party to this action or proceeding. I am employed in the office of a member of the bar of this court, at whose direction this service is made. My business address is 650 N. Sierra Madre Villa Avenue, No. 302, Pasadena, CA 91107. On March 11, 2008, I served the foregoing CASE MANAGEMENT STATEMENT on the plaintiffs and other interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with postage thereon fully prepaid, in the United States Mail at Pasadena, California addressed as follows:

| | |
|---|---|
| Luz-Maria Urzua<br>Cesar Anchante-Martinetti<br>6787 Hillsview Drive<br>Vacaville, CA 95688 | Luz-Maria Urzua<br>Cesar Anchante-Martinetti<br>3801 North Lake Road<br>Merced, CA 95340 |

Luz-Maria Urzua
Cesar Anchante-Martinetti
2041 Legends Court
Merced, CA 95340

Luz-Maria Urzua
Cesar Anchante-Martinetti
3785 North Lake Road
Merced, CA 95340

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of March, 2008, in Los Angeles County, California.

_____
Larina Ross

CASE MANAGEMENT CONFERENCE STATEMENT