IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ-MARIA URZUA and CESAR ANCHANTE-MARTINETTI,<br><br>    Plaintiffs,<br><br>  v.<br><br>INDYMAC BANK and MIKE PERRY,<br><br>    Defendants.<br>_____/ | No. C 07-05932 JSW<br><br>**ORDER DISMISSING CASE** |

This pro se action arises out of a lender-debtor dispute. However, Plaintiffs have cast their pleading as an admiralty suit involving "U.S. Vessels." What has been submitted as a "Petition on for Libel of Review of an Administrative Judgment" in this matter makes little to no sense at all.

Plaintiffs fail to allege any claim under state or federal law. In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . and a demand for judgment for the relief the pleader seeks." Rather, Plaintiff's complaint is disjointed to the point of being incoherent and unintelligible. It is thus unclear to the Court the legal theories on which Plaintiffs seek relief, what relief they are, in fact, seeking, or the underlying factual basis for the suit.

1  Furthermore, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. Plaintiffs fail to allege sufficient facts to demonstrate there is any basis for federal jurisdiction.

This action has the hallmarks of a debt-elimination Internet scam. As a federally-regulated bank, Indymac Bank has the duty to report misconduct to the proper federal regulatory authorities.

Because the complaint is incomprehensible and this Court is presumptively without jurisdiction, Defendant's motion to dismiss is HEREBY GRANTED. The case is dismissed with prejudice. This order does not address the validity of the loan between Plaintiffs and Indymac Bank. The Court counsels Plaintiffs against filing any more such frivolous admiralty actions. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:     April 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2